UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:15-CR-0181-GEB |
|---|---|
| Plaintiff, | |
| v. | **ORDER REGARDING DEFENDANT'S SEALING REQUEST SUBMITTED BY EMAIL FOR IN CAMERA CONSIDERATION** |
| ANDREW PINZON, | |
| Defendant. | |

On June 17, 2016, Defendant emailed chambers a sealing request for in camera consideration of his request to have filed under seal documents he references in his publicly filed Sentencing Memorandum, docketed in ECF No. 34, as "Exhibit B (Filed Under Seal)" and "Exhibit C (Filed Under Seal)". Defendant argues in his publicly filed Notice of his sealing request: "the defendant's psychoeducational evaluation (Exhibit B) and Assessment Report (Exhibit C) from Special Education Programs [b]oth [should be sealed because they] . . . contain private medical history and identifying information that is not for public record and cannot be easily redacted without losing material information." (ECF No. 33.) If the requested sealing order issued, it would be unclear what information in the sealed documents could be discussed in a sentencing brief or at the hearing. Further, documents submitted to influence a judge's sentencing decision shall be filed on the public docket unless

1

the proponent of secrecy

> [p]rovid[es] 'sufficiently compelling reasons' that override the public policies favoring disclosure. When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records.

In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig., 686 F.3d 1115, 1119 (9th Cir. 2012) (internal citations and quotations omitted); see also PCT Int'l Inc. v. Holland Elecs. LLC, No. CV-12-01797-PHX-JAT, 2014 WL 4722326, at *5 (D. Ariz. Sept. 23, 2014) ("[T]he Court has an independent duty to follow the binding [secrecy and sealing] law of the Ninth Circuit Court of Appeals, [and] the Court [should] not permit sealed documents absent the requisite showing [under a sealing doctrine or doctrines].").

Even where a measure of secrecy is appropriate, the "guiding principle . . . is that as much information as possible should remain accessible to the public and no more should be sealed than absolutely necessary." Lahrichi v. Lumera Corp., No. C04–2124C, 2007 WL 1521222, at *2 (W.D. Wash. May 22, 2007). Consistent with this principle, "courts have recognized [certain shown privacy interests] may call for redaction of the materials or withholding of disclosure outright." United States v. Bus. of Custer Battlefield Museum & Store, 658 F.3d 1188, 1195 (9th Cir. 2011).

Defendant asserts in a conclusory manner that he cannot easily make redactions "without losing material information." (ECF No. 33.) However, it is unclear what material information would be lost. Further, Defendant argues in a conclusory manner

that the information he seeks to be sealed "is not for public record[.]" (ECF No. 33.) However, "[t]he mere fact that judicial records may reveal potentially embarrassing information is not in itself sufficient reason to block public access." Siedle v. Putnam Investments, Inc., 147 F.3d 7, 10 (1st Cir. 1998); see also United States v. King, No. 10 CR 122 JGK, 2012 WL 2196674, at *2-3 (S.D.N.Y. June 15, 2012) (denying a defendant's request to file sentencing documents under seal where the documents "relate to medical conditions that the Court [was] asked to consider in arriving at the sentence"). "To be designated as a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process." United States v. Sattar, 471 F. Supp. 2d 380, 385 (S.D.N.Y. 2006) (quotations and citations omitted). The exhibits are obviously "submitted to the Court to provide information with respect to the crucial judicial function of sentencing." Id.

Considering the exhibits in conjunction with the advisory guideline prison sentencing recommendation in Defendant's Presentence Report, and the prison sentence to which the parties' agreed in their conditional plea agreement, it is apparent that Defendant relies on the exhibits as support for his argument that a sentence be imposed that is considerably below the advisory guidelines sentencing range.

However, when sentencing outside the advisory guideline range, 18 U.S.C. § 3553(c) prescribes in pertinent part:

> The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence . . . is outside the range, . . . the specific reason for the

3

>           imposition of a sentence different from that
>           described . . . must . . . be stated with
>           specificity. . . except to the extent that
>           the court relies upon statements received in
>           camera . . .

18 U.S.C. § 3553(c). The Supreme Court in <u>Rita v. United States</u>, 551 U.S. 338, 356 (2007), states:

>           [the requirement in the statute] for the
>           judge to 'state' his 'reasons' . . . reflects
>           sound judicial practice. Judicial decisions
>           are reasoned decisions. Confidence in a
>           judge's use of reason underlies the public's
>           trust in the judicial institution. A public
>           statement of those reasons helps provide the
>           public with the assurance that creates that
>           trust.

Therefore, absent a showing of compelling reasons that override the public policy favoring disclosure, sentencing information should not be sealed.

Since Defendant has not justified his Sealing Request, it is denied. Therefore, the documents submitted for sealing are treated as having been returned to Defendant so that he can decide how to proceed. <u>See generally</u> Local Rule 141(e)(1) (prescribing that if a sealing "[r]equest is denied in full or in part, the Clerk will return to the submitting party the documents for which sealing has been denied"); <u>United States v. Baez-Alcaino</u>, 718 F. Supp. 1503, 1507 (M.D. Fla. 1989) (indicating that when a judge denies a sealing request the party submitting the request then decides how to proceed in light of the ruling).

Dated:  June 23, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4